14-3327-cv
*Ross v. City of N.Y.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
           DEBRA ANN LIVINGSTON,
           CHRISTOPHER F. DRONEY,
                     *Circuit Judges.*

---

KAMZEL D. ROSS,

    *Plaintiff-Appellee,*

      v.                                                   No. 14-3327-cv

CORRECTION OFFICERS JOHN AND JANE DOES 1-5,
ANNETTE HILL, CYNTHIA JOHNSON,
    *Defendants,*

THE CITY OF NEW YORK, PAUL MULLINGS,
ANTONIO G. CUIN,
    *Defendants-Appellants.*

---

FOR DEFENDANTS-APPELLANTS:        DEVIN SLACK, *for* Zachary W. Carter,
                                  Corporation Counsel of the City of New
                                  York, New York, NY.

FOR PLAINTIFF-APPELLEE:           JOEL BERGER, New York, NY.

Appeal from the August 4, 2014 order of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **REVERSED** insofar as it denied qualified immunity to defendant Paul Mullings. The District Court is directed to enter judgment in favor of Mullings on the 42 U.S.C. § 1983 claim. The cause is **REMANDED** with the direction that the District Court decline to exercise supplemental jurisdiction and dismiss the state law claims without prejudice.

Plaintiff Kamzel D. Ross brought this suit against defendants Paul Mullings, Annette Hill, Antonio Cuin, Cynthia Johnson and the City of New York, alleging that they violated 42 U.S.C. § 1983 and state law by failing to protect him from a violent slashing that occurred while plaintiff was in pre-trial detention at a prison operated by the New York City Department of Correction (the "DOC"). We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision.

## BACKGROUND

The episode that gave rise to this litigation transpired on July 31, 2012. Plaintiff Ross had been arrested four days earlier on a misdemeanor charge and had been placed in a maximum security block due to his criminal history and his disciplinary record from prior periods of incarceration. At approximately 12:15 P.M., Ross was attacked by five fellow inmates and slashed on his face, sustaining a six-inch laceration that required 50 stitches. At the time of the slashing, Officer Mullings was the sole guard assigned to the post within the cellblock, though another officer, Officer Hill, was in the cellblock's command and surveillance center, which overlooks the entire cellblock. Although Mullings was on duty, he was not inside the cellblock at the time of the slashing, in violation of DOC policy. Both Hill and Mullings testified that they had never experienced an attack of this nature in their combined three decades working for the DOC. Mullings testified, though, that "[i]t's a high classification area and they do tend to fight … whenever they feel like it." J.A. 73.

Ross believes that the attack was gang-motivated. He surmises that he was attacked because members of a gang called the Hounds believed him to be a member of their rival gang, the Mackballas. Ross denies being a member of the Mackballas but admits that he "associated" with members of the gang. Officer Mullings was unaware of these associations and had no contact with Ross before the attack.

The District Court granted summary judgment in defendants' favor on most of Ross's claims, but denied qualified immunity to Mullings and then retained supplemental jurisdiction over

certain of Ross's state law claims. On appeal, appellants argue that (1) Officer Mullings is entitled to qualified immunity, and (2) as a result, Ross's remaining state law claims should be dismissed.

**DISCUSSION**

We review *de novo* a denial of summary judgment on a qualified immunity defense, viewing the facts in the light most favorable to the non-moving party. *See Coollick v. Hughes*, 699 F.3d 211, 219 (2d Cir. 2012). "Officials operating under color of state law are … entitled to summary judgment when they can establish that either (1) a constitutional right was not violated or (2) the right was not clearly established at the time of the violation." *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (citation, footnote, internal quotation marks, and brackets omitted). On the other hand, a government official is denied qualified immunity when, "at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd,* 131 S. Ct. 2074, 2083 (2011) (citation, internal quotation marks, and alterations omitted). Courts "do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*

Prison officials are required to "take reasonable measures to guarantee the safety of inmates in their custody."[1] *Hayes v. N.Y.C. Dep't of Corr.,* 84 F.3d 614, 620 (2d Cir. 1996). While they have a duty to protect prisoners from violence at the hands of other inmates, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). "[M]ere negligence," as we have said, "will not suffice." *Hayes*, 84 F.3d at 620.

The required showing for a claim of deliberate indifference has both objective and subjective elements. *See Johnson v. Wright,* 412 F.3d 398, 403 (2d Cir. 2005). To meet the objective part of the inquiry, a "plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm." *Hayes*, 84 F.3d at 620.

---

[1] At the time of the challenged conduct, we analyzed claims alleging deliberate indifference under the same standard irrespective of whether they were brought by prisoners pursuant to the Eighth Amendment or by pretrial detainees under the Fourteenth Amendment. *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009). The Supreme Court recently distinguished between Eighth and Fourteenth Amendment claims in holding that a pretrial detainee alleging that an officer used excessive force against him in violation of the Fourteenth Amendment need not demonstrate that such officer was subjectively aware that his use of force was unreasonable. *See Kingsley v. Hendrickson*, No. 14-6368, 2015 WL 2473447, at *3, *8-9 (June 22, 2015). Because our focus, in analyzing whether qualified immunity applies, is on whether the right asserted by Ross was clearly established at the time of the alleged violation, we need not address *Kingsley*'s possible implications for deliberate indifference claims brought by pre-trial detainees.

Meanwhile, the subjective test requires a plaintiff to demonstrate that "the prison official involved must have acted with a 'sufficiently culpable state of mind.'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Farmer,* 511 U.S. at 834). Evidence that a risk was "obvious or otherwise must have been known to a defendant" may be sufficient to make this showing. *Brock v. Wright,* 315 F.3d 158, 164 (2d Cir. 2003). But at the time of the challenged conduct here, our cases clearly required that the official "must both [have] be[en] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Farmer*, 511 U.S. at 837; *see also Caiozzo*, 581 F.3d at 72. The culpable intent requirement thus requires a finding that the prison official "kn[e]w[] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Upon *de novo* review of the record and relevant law, we conclude that the District Court erred in not granting qualified immunity to defendant Mullings. There is no evidence in the record that Mullings had any knowledge of the safety risk posed by the five members of the Hounds gang or any other circumstances presenting a substantial risk of serious harm to Ross. Acknowledging this, plaintiff urges, in effect, that it was clearly established at the time of the conduct here that the mere act of momentarily leaving one's post in a maximum security facility rises to the level of a constitutional violation. Appellee's Br. 3.

We are aware of no controlling precedent adopting such a broad standard. As an initial matter, there are numerous reasons for an officer to leave his or her post in a maximum security facility—some justified, others not. No decision of which we are aware rules that such an officer has committed a constitutional violation irrespective of the circumstances present in a given situation. Such a holding would run counter to the Supreme Court's decision in *Farmer* and our Court's precedent on this issue. Indeed, in the instant case, such a ruling would force us to ignore important contextual considerations that undermine the argument that Mullings "kn[ew] of and disregard[ed] an excessive risk to [Ross's] health or safety" and yet still acted with "subjective recklessness." *Farmer*, 511 U.S. at 837, 839. These considerations include the fact that another corrections officer was still assigned to, and present at, the cellblock at the time of the slashing, and that neither officer had ever witnessed such an attack in their long careers. While Mullings may have exercised poor judgment in temporarily leaving his post, "deliberate indifference describes a state of mind more blameworthy than negligence." *Id.* at 835.

Plaintiff cites no case law demonstrating that another court has ever found analogous conduct by a corrections officer to be unconstitutional such that Mullings would be put "on notice" that his actions were unlawful. *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 433 (2d Cir. 2009). At minimum, reasonable correction officers could have disagreed as to the constitutionality of the conduct attributed to Mullings. *See Malley v. Briggs*, 475 U.S. 335, 341 (1986). Accordingly, defendant Mullings is entitled to qualified immunity.

4

Because we hold that Mullings is entitled to qualified immunity on Ross's federal claims, we also direct dismissal of the supplemental state law claims, pursuant to 28 U.S.C. § 1367(c)(3). *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000).

## CONCLUSION

For the reasons stated above, the August 4, 2014 order of the District Court is **REVERSED** insofar as it denied qualified immunity to defendant Paul Mullings. The District Court is directed to enter judgment in favor of Mullings on the 42 U.S.C. § 1983 claim. The cause is **REMANDED** with the direction that the District Court decline to exercise supplemental jurisdiction and dismiss the state law claims without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk